Mr. Oscar Stilley Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903
Dear Mr. Stilley:
This is in response to your request, pursuant to A.C.A. §7-9-107, for certification of the following proposed popular name and ballot title:
(Popular Name)
 AN AMENDMENT REPEALING CERTAIN TAXES, REQUIRING VOTER APPROVAL OF NEW STATEWIDE TAXES OR TAX INCREASES, AND CHANGING EMPLOYMENT AND OTHER TAXATION LAW
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROHIBITING THE IMPOSITION OR INCREASE OF A TAX OR EXACTION BY THE GENERAL ASSEMBLY ABSENT VOTER APPROVAL AT A REGULARLY SCHEDULED STATEWIDE ELECTION; AUTHORIZING THE LEGISLATURE TO REFER TAX INCREASES TO THE VOTERS UPON A MAJORITY VOTE; DEFINING AS A TAX INCREASE THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE RESULTING IN THE COLLECTION OF ADDITIONAL REVENUE FROM TAXPAYERS; DECLARING THIS SECTION INAPPLICABLE TO EXACTIONS IMPOSED AGAINST CRIMINALS OR INCREASES IN TAXES ON ALCOHOL OR TOBACCO PRODUCTS; AUTHORIZING THE LEGISLATURE, IN A BONA FIDE EMERGENCY, BY VOTE OF THREE-FOURTHS OF THE MEMBERS OF EACH HOUSE, TO INCREASE AN EXISTING EXACTION DURING THE EMERGENCY; REPEALING CURRENT SALES AND USE TAX ON USED MOTOR VEHICLES, TRAILERS, AIRCRAFT, AND MOBILE HOMES; AUTHORIZING THE REPEAL OF THE TRADE IN ALLOWANCE ON AIRCRAFT AND MOTOR VEHICLES BY A LEGISLATIVE MAJORITY PROVIDED THE REVENUE IS DEDICATED TO HIGHWAY OR AIRPORT CONSTRUCTION; REPEALING SALES AND USE TAX LEVIED ON CERTAIN SERVICES BY A.C.A. §§ 26-52-301(3)(C) AND (E), 26-52-304(a)(2), AND 26-52-302; REVOKING THE COMMON LAW RULE AGAINST RECOVERY OF VOLUNTARY TAXES; CREATING A MINIMUM TWO-YEAR STATUTE OF LIMITATIONS FOR RECOVERING ILLEGAL EXACTIONS; DEFINING "ILLEGAL EXACTION;" PROHIBITING THE ENJOINING OF THE COLLECTION OR ASSESSMENT OF A LEGAL TAX IF THE TAXING AUTHORITY REASONABLY ATTEMPTED TO COMPLY WITH APPLICABLE LEGAL REQUIREMENTS AND THE TAXPAYER SHOULD NOT EQUITABLY ESCAPE LIABILITY FOR THE TAX; ALLOWING ANY PERSON TO CLAIM EXEMPTION FROM ANY GOVERNMENT SPONSORED OR MANDATED EMPLOYMENT RELATED INSURANCE OR QUASI-INSURANCE PROGRAM, BY RENOUNCING ANY CLAIM OF BENEFITS UNDER THE PROGRAM; REQUIRING APPROPRIATE PERSONS TO PAY AMOUNTS ORDINARILY PAID OR WITHHELD FOR PREMIUMS OR TAXES DIRECTLY TO THE PERSON CLAIMING EXEMPTION, OR TO OTHER AGREED UPON INSURANCE, SAVINGS, OR INVESTMENT PLANS; AUTHORIZING EMPLOYERS TO REQUIRE EMPLOYEES CLAIMING EXEMPTION TO CARRY ADEQUATE INSURANCE AND TO AGREE THAT IT SHALL BE THE EXCLUSIVE REMEDY; EXEMPTING GOVERNMENT ENTITIES FROM PAYING BENEFITS UNDER A PROGRAM WHEN EXEMPTION HAS BEEN CLAIMED, AND PROVIDING FOR THE RECOUPMENT OF BENEFITS PAID; REQUIRING THE AMENDMENT BE LIBERALLY CONSTRUED IN FAVOR OF THE TAXPAYER; DECLARING THE AMENDMENT'S PROVISIONS SEVERABLE; REPEALING LEGAL PROVISIONS THAT CONFLICT WITH THE AMENDMENT; DECLARING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY ON PASSAGE.
The Attorney General is required, pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. SeeArkansas Women's Political Caucus v. Riviere, 282 Ark. 463,466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Leigh v. Hall, 232 Ark. 558,339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the measure:
(Popular Name)
 AN AMENDMENT REQUIRING VOTER APPROVAL OF NEW TAXES OR TAX INCREASES, REPEALING CERTAIN TAXES, AND ALLOWING EXEMPTION FROM CERTAIN INSURANCE PROGRAMS
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROHIBITING THE IMPOSITION OR INCREASE OF A TAX OR EXACTION BY THE GENERAL ASSEMBLY ABSENT VOTER APPROVAL AT A REGULARLY SCHEDULED STATEWIDE ELECTION; AUTHORIZING THE LEGISLATURE TO REFER TAX INCREASES TO THE VOTERS UPON A MAJORITY VOTE; DEFINING AS A TAX INCREASE THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE RESULTING IN THE COLLECTION OF ADDITIONAL REVENUE FROM TAXPAYERS; EXEMPTING FROM THIS SECTION EXACTIONS IMPOSED AGAINST CRIMINALS; AUTHORIZING THE LEGISLATURE, IN A BONA FIDE EMERGENCY, BY VOTE OF THREE-FOURTHS OF THE MEMBERS OF EACH HOUSE, TO INCREASE AN EXISTING EXACTION DURING THE EMERGENCY; AUTHORIZING INCREASES IN TAXES ON ALCOHOL AND TOBACCO PRODUCTS BY A MAJORITY VOTE OF THE GENERAL ASSEMBLY; AUTHORIZING THE REPEAL OF THE TRADE IN ALLOWANCE ON AIRCRAFT AND MOTOR VEHICLES BY A LEGISLATIVE MAJORITY PROVIDED THE REVENUE IS DEDICATED TO HIGHWAY OR AIRPORT CONSTRUCTION; REPEALING CURRENT SALES AND USE TAX ON USED MOTOR VEHICLES, TRAILERS, AIRCRAFT, AND MOBILE HOMES; REPEALING SALES AND USE TAX LEVIED ON CERTAIN SERVICES BY A.C.A. §§ 26-52-301(3)(C) AND (3)(E), 26-52-304(a)(2), AND 26-52-302; REVOKING THE COMMON LAW RULE AGAINST RECOVERY OF VOLUNTARY TAXES; CREATING A MINIMUM TWO-YEAR STATUTE OF LIMITATIONS FOR RECOVERING ILLEGAL EXACTIONS; DEFINING "ILLEGAL EXACTION;" PROHIBITING THE ENJOINING OF THE COLLECTION OR ASSESSMENT OF A LEGAL TAX IF THE TAXING AUTHORITY REASONABLY ATTEMPTED TO COMPLY WITH APPLICABLE LEGAL REQUIREMENTS AND THE TAXPAYER SHOULD NOT EQUITABLY ESCAPE LIABILITY FOR THE TAX; ALLOWING ANY PERSON TO CLAIM EXEMPTION FROM ANY GOVERNMENT SPONSORED OR MANDATED EMPLOYMENT RELATED INSURANCE OR QUASI-INSURANCE PROGRAM, SUCH AS WORKERS COMPENSATION OR UNEMPLOYMENT INSURANCE, BY RENOUNCING ANY CLAIM OF BENEFITS UNDER THE PROGRAM; REQUIRING APPROPRIATE PERSONS TO PAY AMOUNTS ORDINARILY PAID OR WITHHELD FOR PREMIUMS OR TAXES DIRECTLY TO THE PERSON CLAIMING EXEMPTION, OR TO OTHER AGREED-UPON INSURANCE, SAVINGS, OR INVESTMENT PLANS; AUTHORIZING EMPLOYERS TO REQUIRE EMPLOYEES CLAIMING EXEMPTION TO CARRY ADEQUATE INSURANCE AND TO AGREE THAT IT SHALL BE THE EXCLUSIVE REMEDY; EXEMPTING GOVERNMENT ENTITIES FROM PAYING BENEFITS UNDER A PROGRAM WHEN EXEMPTION HAS BEEN CLAIMED, AND PROVIDING FOR THE RECOUPMENT OF BENEFITS PAID; REQUIRING THE AMENDMENT BE LIBERALLY CONSTRUED IN FAVOR OF THE TAXPAYER; DECLARING THE AMENDMENT'S PROVISIONS SEVERABLE; REPEALING ALL LAWS AND CONSTITUTIONAL PROVISIONS THAT CONFLICT WITH THE AMENDMENT; DECLARING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY ON PASSAGE.
Pursuant to A.C.A. § 7-9-108 (1993 Repl.), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh Enclosure